# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KERRY A. LIST,

    Plaintiff,

    v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

CIVIL ACTION NO. 3:03-CV-1788

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Magistrate Judge Malachy E. Mannion's Report and Recommendation (Doc. 10), and Plaintiff's Objections to the Magistrate's Report and Recommendation (Doc. 11). Magistrate Judge Mannion recommended that the Court deny Plaintiff's appeal of the Commissioner's decision. For the reasons set forth below, the Court will adopt the Report and Recommendation. Accordingly, Plaintiff's appeal will be denied.

## STANDARD OF REVIEW

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the

statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper.  *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994).  Uncontested portions of the report may be reviewed at a standard determined by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7.  At the very least, the Court should review uncontested portions for clear error or manifest injustice.  *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## DISCUSSION

To determine whether an individual is disabled for social security purposes, the Commissioner of Social Security ("Commissioner") employs a five-step analysis.  The Commissioner must sequentially determine:  (1) whether the applicant is engaged in substantial gainful activity; (2) whether the applicant has a severe physical or mental impairment; (3) whether the applicant's impairment meets or exceeds a listed impairment; (4) whether the applicant's residual functional capacity permits the applicant to perform past relevant work; and (5) whether the applicant's residual functional capacity permits the applicant to perform other work.  20 C.F.R. § 416.920 (2004).

The Commissioner's factual findings must be deemed conclusive unless the reviewing court finds they are not supported by substantial evidence.  *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).  Substantial evidence is "more than a mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).  Substantial evidence is less than a large or considerable amount of evidence; it only requires enough relevant evidence that a

2

reasonable mind might accept it as adequate to support a conclusion. *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir. 1999). Evidence is not substantial if it is overwhelmed by other evidence. *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983).

In the instant matter, Plaintiff objects to Magistrate Judge Mannion's recommendation that the Court deny Plaintiff's appeal because: (1) Magistrate Judge Mannion erred in determining that substantial evidence existed for Administrative Law Judge 's ("ALJ") determination that Plaintiff's impairments, alone or in combination, do not meet or equal a listed impairment; and (2) Magistrate Judge Mannion erred in finding that ALJ's determination of Plaintiff's testimony was proper. As a result, the Court will conduct a *de novo* review of the decisions of the ALJ relating to these issues only.

**1.     Combination Of Plaintiff's Impairments**

Plaintiff asserts that the ALJ did not properly consider the severity of all of Plaintiff's impairments in combination. The Court disagrees. First, the ALJ considered each of Plaintiff's impairments and found "that the severity of visual impairments alleged by the [P]laintiff was not supported by the record; the residuals from the fracture were not considered 'severe' under the Regulations; and that there was nothing in the record indicating residual effects of encephalitis." (Doc.10 at 11.) The ALJ, "considering all the evidence, including the testimony at the hearing . . . [found] that the [Plaintiff] retains the residual functional capacity to perform unskilled work at the sedentary work level." (Doc.7 at 22.) Second, as to Plaintiff's limitations as a result of the combination of her impairments, the ALJ addressed this concern when eliciting the testimony of the vocational expert ("VE") through the use of hypothetical questions. The VE testified

during ALJ's questioning that "after considering the effect of the combination of impairments, jobs existed in the national economy that the [P]laintiff could perform." (Doc. 10 at 14.)

Magistrate Judge Mannion correctly determined that, "the ALJ presented all of the limitations supported by the record when posing the hypothetical questions to the VE . . . . [and that] substantial evidence existed for the ALJ to determine that the [P]laintiff's impairments, alone or in combination, do not meet or equal a listed impairment." *Id.* Plaintiff's impairments in combination were properly considered, and as such, Plaintiff's objection will be overruled.

## 2.     **Credibility Of Plaintiff's Testimony**

Plaintiff asserts that Magistrate Judge Mannion erred in allowing the ALJ to reject the testimony of Plaintiff as not entirely credible. As Magistrate Judge Mannion details, the Social Security Regulations provide a framework under which a claimant's subjective complaints are to be considered. 20 C.F.R. § 404.1529. Further, "an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997); *see also Casias v. Sec'y of Health and Human Services*, 933 F.2d 799, 801 (10th Cir. 1991) ("We defer to the ALJ as trier of fact, the individual optimally positioned to observe and assess witness credibility"); *Frazier v. Apfel*, No. 99-715, 2000 U.S. Dist. LEXIS 3105 (E.D. Pa. March 7, 2000).

In the present case, the ALJ found Plaintiff's testimony to be credible, but not to

4

the extent alleged.  Specifically, the ALJ determined that while the medical evidence established that some of Plaintiff's symptoms could be produced by the impairments, Plaintiff was "not entirely credible concerning the intensity, duration, and limiting effects of the symptoms." (Doc.7 at 21.)  Magistrate Judge Mannion correctly determined that the ALJ relied on substantial evidence in finding the testimony of the Plaintiff to be not entirely reliable given the objective findings by the ALJ.  Therefore, Plaintiff's objection will be overruled and the Court will adopt Magistrate Judge Mannion's report and recommendation.

## CONCLUSION

After consideration of the Report and Recommendation, the Court will adopt the Report and Recommendation.  Therefore, Plaintiff's appeal of the Commissioner's decision will be denied.

An appropriate Order follows.


 October 13, 2005                                       /s/ A. Richard Caputo
Date                                                              A. Richard Caputo
                                                                     United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KERRY A. LIST,<br><br>  Plaintiff<br><br>       v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>  Defendant. | NO. 3:03-CV-1788<br><br>(JUDGE CAPUTO) |

## ORDER

**NOW**, this 13th  day of October, 2005, upon review of Magistrate Judge Malachy E. Mannion's Report and Recommendation (Doc. 10) for clear error or manifest injustice,

**IT IS HEREBY ORDERED** that:

(1) Plaintiff's Objections to Magistrate's Report and Recommendation (Doc. 11) are **OVERRULED**.

(2) The Report and Recommendation (Doc. 10) is **ADOPTED**.

(3) Plaintiff's appeal of Commissioner's decision is **DENIED**.

(4) The Clerk of the Court shall mark this case **CLOSED**.


 /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge